```
                    United States District Court
                       District of Connecticut
```

```
---------------------------------x
                                 :
PENNSYLVANIA GENERAL INSURANCE   :
COMPANY,                         :
                                 :
            Plaintiff,           :
                                 :
v.                               :   CIVIL NO. 3:12CV1799(AWT)
                                 :
URMILA THAKUR, INDIVIDUALLY AND  :
AS TRUSTEE OF THE VISHNU MAHAL   :
LAND TRUST aka SHIVA MAHAL LAND  :
TRUST AND SHIVA MAHAL LAND TRUST,:
DEOWRAJ BUDDHU, INDIVIDUALLY AND :
TRUSTEE OF VISHNU MAHAL LAND     :
TRUST aka SHIVA MAHAL LAND TRUST :
AND SHIVA MAHAL LAND TRUST,      :
SUNITA BUDDHU, INDIVIDUALLY AND  :
AS TRUSTEE OF THE VISHNU MAHAL   :
LAND TRUST aka SHIVA MAHAL LAND  :
TRUST AND SHIVA MAHAL LAND TRUST,:
VISHNU MAHAL LAND TRUST aka SHIVA:
MAHAL LAND TRUST, SHIVA MAHAL    :
LAND TRUST, MONSERRATE TORRES,   :
HEDDY ARCOS-TORRES, GWENDOLYN    :
McKINSEY, ANA SUAREZ, CESAR      :
SUAREZ, NARCISA RODAS, ANA ARIAS,:
GUILLERMINA BANGUERA, GONZALO    :
S.ILLESCAS, JANICE BARBOSA, JHON :
KLEBER AMENDANO, ARIOSTO LOPEZ   :
CAMPOS, BELGICA RODAS, MERCI     :
LOPEZ, VINCENTE LOPEZ and CESAR  :
SOLIS,                           :
                                 :
            Defendants.          :
                                 :
---------------------------------x
```

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Pennsylvania General Insurance Company ("Pennsylvania General"), seeks a judgment declaring that it owes no duty to defend or indemnify defendant Urmila Thakur

-1-

("Thakur") in a number of underlying civil lawsuits (the "Underlying Suits").[1]  Pennsylvania General has moved for summary judgment, and no defendant has filed a response.  For the reasons set forth below, the plaintiff's motion is being granted.

**I. FACTUAL BACKGROUND**

Pennsylvania General issued Thakur a homeowners' insurance policy (the "Policy"), covering the one year period from February 23, 2007 to February 23, 2008.  The Policy was subsequently renewed through February 23, 2009.  The Policy was cancelled on March 23, 2009.

The pertinent portion of the Policy states that "[i]f a claim is made or a suit is brought against an 'insured' for damages because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies," then Pennsylvania General will defend Thakur in the lawsuit and pay up to its policy limit any amount she is ordered to pay.  (Ex. A, Pl.'s Mem. Supp. Mot. Summ. J. (Doc. No. 75-2) ("Ex. A"), at *40).  The Policy defines the "insured" as: "[y]ou and residents of your household who are: (1) [y]our relatives; or (2) [o]ther persons under the age of 21 and in the care of any person described in [part (1)] of this provision."  (Id. at *29.)  The Policy defines "occurrence" as "an accident, including

---

[1] Default judgment was entered against defendants Deowraj Buddhu, Sunita Buddhu, Vishnu Mahal Land Trust, and Shiva Mahal Land Trust on October 31, 2013.  All other defendants in this case are the plaintiffs in the Underlying Suits.

continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: a. '[b]odily injury'; or b. '[p]roperty damage'."

(Id. at *30.)

The Policy contains a number of exceptions. For instance, it states that excluded from coverage is

> "Bodily injury" or "property damage" which is expected or intended by an "insured" or which is the result of intentional acts or omissions, or criminal activity, even if the resulting "bodily injury" or "property damage":
> a. Is of a different kind, quality or degree than initially expected or intended; or
> b. Is sustained by a different person, entity, real or personal property, than initially expected or intended; or
> c. Is committed by an "insured who lacks the mental capacity to govern their own conduct.
> This exclusion applies regardless of whether an "insured" is charged with or convicted of a crime.

(Id. at 41.)

The Underlying Suits are based on a fraudulent "business" that was run out of Thakur's home by her ex-husband, Deowraj Buddhu, and daughter, Sunita Buddhu. Sunnita Buddhu pled guilty to federal crimes and was sentenced to a term of imprisonment based on her role in the "program", and Deowraj Buddhu was found guilty by a jury of federal crimes based on his role in the "program" but died before he was sentenced. It is undisputed that Thakur had a role in the "program", even though she was not a defendant in the criminal case that resulted.

## II. LEGAL STANDARD

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(a). See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). When ruling on a motion for summary judgment, the court may not try issues of fact, but must leave those issues to the jury. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987). Thus, the trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined . . . to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. An issue is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248 (internal quotation marks omitted). When reviewing the

evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in its favor." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000)(quoting Delaware & Hudson Ry. Co. v. Consolidated Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)).

### III. DISCUSSION

Pennsylvania General sets forth several arguments as to why it owes Thakur no duty to defend or indemnify. An insurer's "duty to defend is considerably broader than the duty to indemnify." DaCruz v. State Farm Fire and Cas. Co., 268 Conn. 675, 687 (2004) (collecting cases). Consequently, if a court determines that the insurer "ha[s] no duty to defend [the defendant] in the [underlying] action [this] necessarily means that [the insurer] also ha[s] no duty to indemnify [the defendant] in that action." Id. at 688. Therefore, the court discusses first whether Pennsylvania General has a duty to defend Thakur in the Underlying Suits.

Under Connecticut law,

> to prevail on its own motion for summary judgment . . . for a declaratory judgment that it has no duty to defend in the underlying action, the insurer must establish that there is no genuine issue of material fact either that no allegation of the underlying complaint falls even possibly within the scope of the insuring agreement or, even if it might, that any claim based on such an allegation is excluded from coverage under an applicable policy exclusion. In presenting countervailing proof, the insurer, no less than the insured, is necessarily limited to the

> provisions of the subject insurance policy and the allegations of the underlying complaint. Therefore, it is only entitled to prevail under a policy exclusion if the allegations of the complaint clearly and unambiguously establish the applicability of the exclusion to each and every claim for which there might otherwise be coverage under the policy.

Lancia v. State Nat. Ins. Co., 134 Conn. App. 682, 691 (2012).

Furthermore, the Connecticut Supreme Court has held that

> [i]n construing the duty to defend as expressed in an insurance policy, "[t]he obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage. If the latter situation prevails, the policy requires the insurer to defend, irrespective of the insured's ultimate liability. . . . It necessarily follows that the insurer's duty to defend is measured by the allegations of the complaint. . . . Hence, if the complaint sets forth a cause of action within the coverage of the policy, the insurer must defend."

Hartford Cas. Ins. Co. v. Litchfield Mut. Fire Ins. Co., 274 Conn. 457, 463 (2005) (quoting Bd. of Educ. v. St. Paul Fire & Marine Ins. Co., 261 Conn. 37, 40-41 (2002)) (alterations in original). In other words, the "question of whether an insurer has a duty to defend its insured is purely a question of law, which is to be determined by comparing the allegations of [the] complaint with the terms of the insurance policy." Community Action for Greater Middlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 395 (2000).

Additionally, "[i]f an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." Moore v. Continental Cas. Co., 252

-6-

Conn. 405, 409 (2000) (internal quotation marks omitted).  "On the other hand, if the complaint alleges a liability which the policy does not cover, the insurer is not required to defend." QSP, Inc. v. Aetna Cas. & Sur. Co., 256 Conn. 343, 354 (2001) (internal quotation marks omitted).  Finally, "[w]hether an insurer is obligated to defend an insured is determined by the facts in the underlying complaint, and not the titles assigned to the particular causes of action."  Covenant Ins. Co. v. Sloat, No. 385786, 34 Conn. L. Rptr. 687, 2003 WL 21299384, at *8 (Conn. Super. May 23, 2003) (internal quotation marks omitted).  Therefore, the "inquiry into an insurer's duty to defend focuses on the facts alleged, not legal theories."  Id. (internal quotation marks omitted).

    Pennsylvania General argues that it does not owe Thakur a duty to defend because all of the acts alleged in the Underlying Suits do not qualify as "occurrences" under the Policy. Although the Policy defines an "occurrence" as "an accident", it does not define the term "accident".  In interpreting similar insurance policy provisions, the Connecticut Supreme Court has defined "accident" as "'[a]n unintended and unforeseen injurious occurrence;' 'an occurrence for which no one is responsible'; and 'an event of unfortunate character that takes place without one's foresight or expectation.'"  Allstate Ins. Co. v. Barron, 269 Conn. 394, 408 n.10 (2004) (internal citations omitted) (emphasis in original).  Similarly, in evaluating insurance

policies that define an "occurrence" as an "accident", this court has "interpreted the term to encompass 'unintended, unexpected, or unplanned event[s].'" Kemper Independence Ins. Co. v. Tarzia, Civ. No. 3:11-cv-294 (JCH), 2012 WL 2327703, at *2 (D. Conn. June 19, 2012) (quoting Middlesex Ins. Co. v. Mara, 699 F. Supp. 2d 439, 449 (D. Conn. 2010)). "Therefore, 'occurrence' as defined in the [p]olicy does not include intentional torts or other intended actions, and the intent required is the intent to commit the specific act leading to the injury, not the intent to achieve a specific result." State Farm Fire & Cas. Co. v. Mesniaeff, Civ. No. 3:12-cv-1675 (VLB), 2014 WL 1154402, at *6 (D. Conn. Mar. 21, 2014). See also Allstate Ins. Co. v. Smudin, Civ. No. 3:07-cv-1679 (AWT), 2009 WL 890912, at *5 (D. Conn. Mar. 31, 2009) ("[T]he relevant inquiry here at the stage of determining whether there was an 'occurrence' is whether the event causing the injury was an accident, not whether the injury itself is accidental.").

There is no genuine issue of material fact with respect to the conclusion that the factual allegations made in the Underlying Suits do not relate to an "occurrence". All of the injuries alleged in the Underlying Suits are the result of participation in the "program" by the plaintiffs in the Underlying Suits. None of the actions taken by Thakur with respect to the "program" can be even possibly characterized as accidental, unforeseen, or unintended. While Thakur may

-8-

possibly not have intended for the victims to be injured in the way that they were, or to the degree that they were, it is alleged that she intended to take the actions that led to these injuries, i.e., letting her ex-husband and daughter operate the "program" out of her home, handle money for the business, etc.

It is immaterial that "[i]n the [Underlying Suits], the underlying plaintiffs have pled claims for negligent misrepresentation." (Pl.'s Mem. Supp. Mot. Summ. J. (Doc. No. 75), at 5.) "Connecticut courts look past the terminology in pleading to grant summary judgment for the insurer, holding there is no duty to defend a negligence action which is actually based on intentional acts by the insured." Middlesex Ins. Co. v. Mara, 699 F. Supp. 2d 439, 456. Thus, "merely describing an action in terms of 'negligence' is of no consequence when the action itself 'can only be deemed intentional.'" Id. at 457 (quoting Middlesex Mutual Assur. Co. v. Rand, 1996 WL 218698, at *2 (Conn. Super. Ct. 1996)).

Here, although the underlying plaintiffs' claims may be labeled as "negligent misrepresentation", they are still based on intentional acts of Thakur. Specifically, these claims are based on Thakur's representation to the victims that the "program" was legitimate. Even if Thakur was genuinely mistaken about the "program", and was negligent in being mistaken, such mistakes are not "accidents" so as to qualify as "occurrences" under Connecticut law. Thus, because there is no genuine issue

of material fact with respect to whether the factual allegations contained in the Underlying Suits allege "occurences", Pennsylvania General is under no duty to defend Thakur.

It is worth noting that Pennsylvania General also has no duty to defend because the allegations in the Underlying Suits fall under the "intentional acts or criminal activity" exception to the Policy.  Although Thakur was not indicted with Deowraj and Sunita Buddhu, those factual allegations demonstrate that she was a participant in criminal activity.  In fact, the Underlying Suits are premised on her participation in such activity.  Furthermore, Pennsylvania General has produced evidence demonstrating that the Policy was void <u>ab initio</u> as a result of fraud.[2]  In February 2007, Thakur executed a homeowner's insurance application in which she stated that no business was being conducted on the premises.  However, it has been found in a previous action in this district that at least Sunita Buddhu was preparing tax returns for "customers" using the residence as early as 2004 and continued to do so until at least early 2008, <u>see</u> <u>United States v. Deowraj Buddhu</u>, Civil Action No. 3:08-cv-0074(CFD), 2009 WL 1346607, at *1 (May 12, 2009), and there is evidence that Thakur was assisting Sunita

---

[2] Although ordinarily a court only looks to the underlying complaints and the policy at issue when deciding a motion for summary judgment with respect to an insurer's duty to defend or indemnify, a claim of a policy being void <u>ab initio</u> necessarily requires the court to look outside the documents to determine whether a valid insurance policy was even created.

Buddhu in this endeavour.  Thakur has created no genuine issue as to this conclusion.

Consequently, Pennsylvania General is under no duty to defend Thakur in the Underlying Suits.  "Because the duty to defend is significantly broader than the duty to indemnify, 'where there is no duty to defend, there is no duty to indemnify . . . .'"  DaCruz v. State Farm Fire & Cas. Co., 268 Conn. 675, 688 (2004) (quoting QSP, Inc. v. Aetna Cas. & Sur. Co., 256 Conn. 343, 382 (2001)).  Therefore, the court finds that Pennsylvania General similarly has no duty to indemnify Thakur.

**IV.  CONCLUSION**

For the reasons set forth above, the plaintiff's motion for summary judgment (Doc. No. 74) is hereby GRANTED.

The Clerk shall enter judgment in favor of plaintiff Pennsylvania General Insurance Company and close this case.

It is so ordered.

Signed this 11th day of August, 2014, at Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge